UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SCOTT N. JOHNSON, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>LEIGH RYDER and SANDRA RYDER, individually and d/b/a L&S SHELL STATION; EQUILON ENTERPRISE, LLC, <br><br>　　　　Defendants. | 2:05-cv-2481-GEB-GGH <br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

　　　　The December 13, 2005, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for March 20, 2006, and required the parties to file a joint status report ("JSR") no later than fourteen days prior to the scheduling conference. Plaintiff, acting in propria persona, and Defendants filed an untimely JSR on March 7, 2006.

　　　　The parties are Ordered to Show Cause (OSC) no later than 4:00 p.m. on April 3, 2006, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against the parties and/or counsel for the failure to file a timely status report, as ordered. The written response shall state whether the parties and/or

/////
/////
/////

1

counsel is at fault and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on April 17, 2006, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.

In accordance with the requirements set forth in the December 13, 2005, Order, the parties shall file a joint status report no later than April 3, 2006.

IT IS SO ORDERED.

Dated:  March 14, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2